UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Timothy Lynn Dickerson, | ) | CASE NO. 4:12cv1482 |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Timothy Lynn Dickerson originally filed a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Kentucky. *See Dickerson v. United States*, No. 3:12cv 00054 (W.D. Ky. filed Jan. 30, 2012) (Heyburn, J.) Petitioner, an inmate confined in the Federal Correctional Institution in Elkton, Ohio (FCI Elkton), challenged the trial court's enhancement of his sentence without due process. He also filed a Motion for Appointment of Counsel.

Upon initial review, Judge John G. Heyburn, II determined that any petition filed pursuant 28 U.S.C. § 2241 must be brought in the district court where a prisoner is confined. Accordingly, he issued a Memorandum and Order, dated June 12, 2012, transferring the case to the Northern District Court of Ohio. The matter is now properly before this Court.[1]

---

[1] The case was originally assigned to Judge Jack Zouhary. The matter was reassigned to me on July 9, 2012, by Chief Judge Solomon Oliver, Jr.'s General Order 2012-11.

I. **BACKGROUND**

Petitioner was indicted in the United States District Court for the Western District of Kentucky in 2000.[2] *See United States v. Dickerson*, No. 3:00-cr-00120 (W.D. Ky 2002)(Simpson, J.) Pleading not guilty at his arraignment, Petitioner later sought to change his plea in a hearing scheduled for January 16, 2001.

On January 9, 2001, a superseding indictment was filed. Seven days later, the government filed an Information and Notice of Prior Conviction pursuant to 21 U.S.C. § 851. As scheduled, Petitioner's change of plea hearing was held on the same date the government filed its Notice. At the hearing, Petitioner waived the reading of the superseding indictment and he pleaded guilty to all six counts. A sentencing hearing was set for April 16, 2001.

Petitioner's sentencing hearing proceeded on April 16, 2001. He was sentenced to a term of 120 months imprisonment on Counts 3 & 6 and 240 months on Counts 1, 2, 4, and 5 of the superseding indictment, to be served concurrently for a total term of 240 months. Details of the sentencing hearing were recorded in a Judgment and Commitment (J&C) filed on April 25, 2001.

Petitioner now argues the government failed to comply with the strict notice requirements of 21 U.S.C. § 851. The statute requires the government to notify the court if it plans to increase a defendant's punishment based on a prior conviction. Petitioner acknowledges the government filed a Notice of Intent pursuant 21 U.S.C. § 851 with the trial court, but he still believes the government was obligated to personally serve him or his attorney with a copy of the notice. While he is not certain whether his attorney ever received notice, he has no recollection of the government

---

[2] To accurately address procedural history, details of Petitioner's criminal case were garnered from the Public Access to Court Electronic Records (PACER) system. *See C.B. v. Sonora Sch. Dist.*, 691 F. Supp.2d 1123, 1138 (E.D. Cal.2009) (court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.")

2

personally serving him. Citing the case "*United States v. James Javon Ladson*, CA-11, 2011 U.S. App. Lexis 12792" as legal support,[3] Petitioner maintains section 851 unequivocally requires strict compliance with the notice requirement. As such, the government's failure to provide him personal notice establishes grounds for removing the sentence enhancement it sought under the statute.

Petitioner's secondary argument is simply that the docket does not provide any date on which he was sentenced.[4]

## II.     INITIAL REVIEW

This matter is before me for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970) (citations omitted), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

## III.     28 U.S.C. § 2241

---

[3] I believe this is a reference to *United States v. Ladson*, 643 F.3d 1335 (11th Cir. 2011) *cert. denied*, 132 S. Ct. 534 (2011). The Eleventh Circuit held that the district court lacked authority to enhance a defendant's sentence when the government failed to serve the defendant with notice of enhanced sentence before his trial commenced.

[4] For the record, Petitioner's criminal docket reflects a J&C was filed on April 25, 2001. The J&C recorded the sentence imposed by the court on April 16, 2001. By statute, any federal defendant's sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). If Petitioner believes the Bureau of Prisons has miscalculated his federal sentence, he must exhaust his administrative remedies, *see* 28 C.F.R. § 542.10, before filing a petition for relief in this Court pursuant to 28 U.S.C. §2241. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981).

Federal prisoners seeking to challenge their convictions or the imposition of their sentences must file a motion, pursuant to 28 U.S .C. § 2255, in the court where they were sentenced. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under 28 U.S.C. § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."* *See* 28 U.S.C. § 2255(e)(emphasis added).

On April 26, 2006, Petitioner did file a Motion to Vacate Sentence in the trial court. The motion did not address the notice requirement of § 851, but instead raised an ineffective assistance of counsel claim arguing his attorney never pursued his desire to appeal. *See Dickerson v. United States*, No. 3:06CV-P209 (E.D. Ky. 2006). The motion was dismissed as time-barred on July 27, 2006. Now, without explanation, Petitioner attempts to challenge his guilty plea and sentence based on a claim that existed at the time he entered his plea. Regardless of that limitation, Petitioner cannot challenge his plea or sentence based on the arguments he has raised.

As noted, federal prisoners are only permitted to challenge their conviction if their remedy pursuant to § 2255 is inadequate or ineffective. The circumstances in which a § 2255 motion is considered inadequate and ineffective are narrow. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Moreover, a § 2255 remedy is not considered inadequate or ineffective simply because a petitioner has already been denied § 2255 relief. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982(1988). Nor is the section 2255 remedy inadequate because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or

4

because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998). Other than citing *Ladson*, Petitioner has not proffered any reason why he is now entitled to challenge his sentence under § 2241.

The Sixth Circuit has instructed: "[C]laims do not fall within any arguable construction of ... [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir.2001). Petitioner does not assert any intervening change in the law decriminalized the acts which formed the basis of his guilty plea. *See, e.g., Bailey v. United States*, 516 U.S. 137 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner). To that end, Petitioner has not and cannot assert he is actually innocent based on the facts alleged in his Petition. Other than stating he is now procedurally barred from challenging his sentence enhancement, Petitioner has failed to establish that his §2255 remedy is inadequate or ineffective. *See* 28 U.S.C. § 2255(e). Accordingly, I find Petitioner's claim does not warrant habeas relief under the safety valve provision of § 2255.

### IV. CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, Petitioner's Motion for Appointment of Counsel is dismissed as moot. (Doc. No. 3). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

**So Ordered.**

                                             s/ Jeffrey J. Helmick
                                             United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."